| | |
|---|---|
| 1 | CHRIS R. OTTENWELLER (SBN 73649) |
|   | cottenweller@orrick.com |
| 2 | VICKIE L. FEEMAN (SBN 177487) |
|   | vfeeman@orrick.com |
| 3 | JESSE Y. CHENG (SBN 259909) |
|   | jcheng@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | 1000 Marsh Road |
| 5 | Menlo Park, CA 94025 |
|   | Telephone: +1-650-614-7400 |
| 6 | Facsimile: +1-650-614-7401 |
| 7 | SETH E. FREILICH (SBN 217321) |
|   | sfreilich@orrick.com |
| 8 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | 777 South Figueroa Street, Suite 3200 |
| 9 | Los Angeles, CA 90017 |
|   | Telephone: +1-213-629-2020 |
| 10 | Facsimile: +1-213-612-2499 |
| 11 | Attorneys for Defendant |
|   | EMC CORPORATION |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AUTHENEX, INC., a Delaware corporation, | Case No.: CV10-1251 MRP (VBKx) |
| Plaintiff, | **DEFENDANT EMC CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,519,989** |
| v. | |
| EMC CORPORATION, a Massachusetts corporation; VASCO DATA SECURITY INTERNATIONAL, INC., a Delaware corporation; and VASCO DATA SECURITY, INC., a Delaware corporation. | Hearing Date: January 24, 2011 |
| | Time: 11:00 a.m. |
| | Courtroom: 12 |
| Defendants. | Honorable Mariana R. Pfaelzer |

EMC'S MPA ISO MOTION FOR SUMMARY JUDGMENT
OF NONINFRINGEMENT
CV10-1251 MRP (VBKx)

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF UNDISPUTED FACTS | 3 |
| | A. The Accused Device | 3 |
| | B. The Court's Claim Constructions Are Dispositive | 4 |
| |    1. The Court construed "body portion" and "display portion" as separate and distinct structural components | 4 |
| |    2. The Court construed "alphanumeric characters" to mean a group consisting of both numbers and letters | 5 |
| III. | APPLICABLE LEGAL STANDARDS | 6 |
| IV. | THE SECURID 800 DOES NOT PRACTICE THE ASSERTED CLAIMS | 7 |
| | A. The SecurID 800 Lacks The "Body Portion," "Display Portion," and "Fixedly Attached" Limitations | 7 |
| | B. The SecurID 800 Lacks The "Display For Displaying Alphanumeric Characters" Limitation | 9 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Barmag Barmer Maschinenfabrik AG* v. *Murata Machinery, Ltd.*,
    731 F.2d 831 (Fed. Cir. 1984) .................................................................................. 6

*Celotex Corp.* v. *Catrett*,
    477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ..................................... 6

*Festo Corp.* v. *Shoketsu Kinzoku Kogyo Kabushiki Co.*,
    344 F.3d 1359 (Fed. Cir. 2003) ............................................................................ 9

*Gen. Am. Transp. Corp.* v. *Cryo-Trans, Inc.*,
    93 F.3d 766 (Fed. Cir. 1996) ................................................................................. 6

*Johnson & Johnston Assocs., Inc.* v. *R.E. Serv. Co., Inc.*,
    285 F.3d 1046 (Fed. Cir. 2002) ............................................................................ 9

*Novartis Corp.* v. *Ben Venue Labs.*,
    271 F.3d 1043 (Fed. Cir. 2001) ............................................................................ 6

*Pioneer Magnetics, Inc.* v. *Micro Linear Corp.*,
    330 F.3d 1352 (Fed. Cir. 2003) ............................................................................ 8

*S. Bravo Systems, Inc.* v. *Containment Techs. Corp.*,
    96 F.3d 1372 (Fed. Cir. 1996) .............................................................................. 6

*Warner-Jenkinson Co.* v. *Hilton Davis Chem. Co.*,
    520 U.S. 17, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997) ................................. 8, 9

## I. INTRODUCTION

Based on the Court's Claim Construction, Defendant EMC Corp. ("EMC") is entitled to summary judgment of non-infringement because its accused token device does not meet at least three key claim terms. The Court adopted the following constructions:

> (1) "body portion" means "*a structural component of the token device that is separate and distinct from the display portion and is capable of being fixedly attached to the display portion*;"
>
> (2) "display portion" means "*a structural component of the token device that is separate and distinct from the body portion and is capable of being fixedly attached to the body portion*;"
>
> (3) "alphanumeric characters" means "*a group of characters consisting of both numbers and letters*."

Docket No. 78 (Claim Construction Order) at 8-9, 17.

EMC's accused device, the RSA SecurID 800 token ("SecurID 800"), does not contain a separate and distinct "body portion" and "display portion" because it is a single structure. EMC has lodged with the Court an exemplar of an actual SecurID 800, which is pictured below.



RSA SecurID 800 Authenticator

In explaining its claim constructions, the Court noted that "[t]wo things cannot be fixedly attached unless they start out as separate structures." Docket No. 78 (Claim Construction Order) at 7:19-20. Reinforcing the requirement that the "body portion" and "display portion" must be separate and distinct components, the Court noted that "[t]he body portion and display portion cannot be part of a single structural component." *Id.* at 8:3-4.

The SecurID 800 is precisely the type of a "single structural component" the Court referred to. It does not have two components – a body portion and a display portion – that start out as separate structures and are fixedly attached. It does not have components that can be rotated or swiveled. It is one structure containing all of the elements and circuitry of the device. No reasonable jury could find that the SecurID 800 contains a "body portion" and a "display portion" as the Court has construed those terms.

EMC is entitled to summary judgment of non-infringement on an additional ground – the limitation requiring "alphanumeric characters." As the Court held, alphanumeric characters means "a group of characters consisting of both numbers and letters." Docket No. 78 at 17:27-28. The SecurID 800 does not display a group of characters consisting of both numbers and letters, and it is not designed to do so. It displays passwords consisting of numbers only.

EMC respectfully submits that under the Court's claim construction ruling, Plaintiff Authenex, Inc. ("Authenex") cannot prove that the SecurID 800 infringes any of the asserted claims of the patent-in-suit. EMC is entitled to the entry of judgment in its favor.

## II. STATEMENT OF UNDISPUTED FACTS

### A. The Accused Device.

Authenex accuses a single EMC one-time password token – the SecurID 800 – of infringing claims 1, 2, 3 and 24 of U.S. Patent No. 7,519,989 (the "'989 patent").[1] The SecurID 800 is shown below:



RSA SecurID 800 Authenticator

Duane Decl., Ex. B (RSA SecurID 800 datasheet) at 12.

The SecurID 800 is a single structure that houses a battery, liquid crystal display ("LCD"), USB connector, and various internal electronic components. Statement of Uncontroverted Facts and Conclusions of Law In Support Of EMC's Motion ("SoF"), ¶¶ 2-3. The internal electronic components include a USB controller, smart card chip, and SecurID chip. SoF, ¶ 2. The SecurID chip includes both a one-time password generator and the display controller. SoF, ¶ 2.

The SecurID 800 does not have two separate structural components, such as a "body portion" and a "display portion," that are fixedly attached to each other. SoF, ¶¶ 2-4, 11-12, 14-15, 17-18. In the SecurID 800, everything that is part of the token is contained in a single structure. It does not have two separate structural components attached to each other as depicted in the '989 patent. SoF ¶¶ 2-4; *compare* Duane Decl., Ex. A at Figure 2, *with* Ex. B at 12, Ex. C, *and*

---

[1] Attached as Exhibit A to the Declaration of William Duane in Support of Defendant EMC Corporation's Motion for Summary Judgment ("Duane Decl."). Unless otherwise indicated, all references and citations to non-Physical Exhibits refer to Exhibits to the Duane Decl.

1  Physical Ex. 1. It does not have structural components that can be rotated or
2  swiveled. SoF, ¶¶ 2-5.

3  The SecurID 800 includes an LCD for displaying one-time passwords.
4  SoF, ¶¶ 6-8. The one-time passwords that are generated and displayed by the
5  SecurID 800 are numbers up to six digits. SoF, ¶¶ 6-7. The one-time passwords do
6  not include letters. SoF, ¶ 8. The SecurID 800 does not include "a display for
7  displaying alphanumeric characters" as that term has been construed by the Court.
8  SoF, ¶¶ 6-9, 20-22. The SecurID 800 does not display, and is not designed to
9  display, both numbers and letters at the same time. SoF, ¶¶ 7-9. That is true for all
10 versions of the SecurID 800 ever made or sold by EMC. *Id.*; *see also*, Duane Decl.,
11 ¶ 11.

12      **B.**    **The Court's Claim Constructions Are Dispositive.**

13            **1.**    **The Court construed "body portion" and "display portion"**
14                 **as separate and distinct structural components.**

15 Each of the asserted claims requires a "body portion" and a "display
16 portion." Ex. A at 4:66-5:27 and 6:58-61. The Court construed "body portion" as
17 "a structural component of the token device that is separate and distinct from the
18 display portion and is capable of being fixedly attached to the display portion."
19 Docket No. 78 at 8:24-9:2. The Court similarly construed "display portion" as
20 "a structural component of the token device that is separate and distinct from the
21 body portion and is capable of being fixedly attached to the body portion." *Id.* at
22 9:22-25. The Court held that "[t]he body portion and display portion cannot be part
23 of a single structural component." *Id.* at 7:23-8:19.

24 The Court recognized that in the asserted claims "the body portion and
25 display portion of the unitized USB token device are listed as separate elements,
26 implying that these portions cannot be the same structure." Docket No. 78 at
27 7:10-12. The Court further noted that:
28

> [I]t would be nonsensical for a party to assert that the body portion and display portion can be the same structure. Two things cannot be fixedly attached unless they start out as separate structures. It is clear from the claims that the display portion and the body portion are separate structural components in the accused device.

Docket No. 78 at 7:18-22 (citations omitted).

The Court also concluded that unasserted claim 4 – which requires that the display portion be rotatably coupled to the body portion – "contemplates that the display portion and body portion are each structural components that are separate and distinct from the other." *Id.* at 8:2-3.

### 2. The Court construed "alphanumeric characters" to mean a group consisting of both numbers and letters.

Claims 1-3 and 24 require "a display for displaying alphanumeric characters." Ex. A ('989 patent) at 5:3-4, 19-20. Claim 2 further requires a display portion that "displays alphanumeric characters representing password data generated by the token device." *Id.* at 5:9-11. The Court construed "alphanumeric characters" as "a group of characters consisting of both numbers and letters." Docket No. 78 at 17:27-28. The Court rejected Authenex's position that "a person of ordinary skill would find numbers alone to constitute alphanumeric characters," concluding instead that "the plain meaning of alphanumeric characters is a group of characters consisting of both numbers and letters." *Id.* at 17:13-17. This plain meaning was confirmed by the specification of the '989 patent because it refers to "numeric" and "alphanumeric" separately. *Id.* at 17:16-19. The Court also held that Authenex dedicated the use of numbers only to the public when it failed to claim this feature in the claims. *Id.* at 17:20-23.

### III. APPLICABLE LEGAL STANDARDS

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") The Federal Circuit has emphasized that: "[s]ummary judgment is appropriate in a patent case as in any other." *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984).

"Since the ultimate burden of proving infringement rests with the patentee, an accused infringer seeking summary judgment of non-infringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Labs.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). To avoid summary judgment, a patentee must proffer evidence sufficient to show, for each contested element of a patent claim, that a genuine issue of material fact exists as to whether the accused product contains that claim element. *S. Bravo Systems, Inc. v. Containment Techs. Corp.*, 96 F.3d 1372, 1376 (Fed. Cir. 1996). As a matter of law, there can be no infringement if even one claim limitation is missing from the accused device. *Gen. Am. Transp. Corp. v. Cryo-Trans, Inc.*, 93 F.3d 766, 770 (Fed. Cir. 1996).

## IV. THE SECURID 800 DOES NOT PRACTICE THE ASSERTED CLAIMS

### A. The SecurID 800 Lacks The "Body Portion," "Display Portion," and "Fixedly Attached" Limitations.

The SecurID 800 does not meet the "body portion," "display portion," or "the display portion is fixedly attached to the body portion" limitations of the asserted claims. As the following photograph depicts, the SecurID 800 is a single structure that includes the display and all of the circuitry for the token.



RSA SecurID 800 Authenticator

This is exactly the type of single structural component the Court referred to when it emphasized that "[t]he body portion and display portion cannot be part of a single structural component." Docket No. 78 at 8:3-4. Indeed, the Court stated that "it would be nonsensical for a party to assert that the body portion and display portion can be the same structure." *Id.* at 7:18-19.

The Court held that the asserted claims, unasserted claims and specification all support the construction that the body portion and display portion are separate structural components. *Id.* at 7-8. Separate and distinct structural components that are capable of being fixedly attached, and rotated or swiveled, are depicted in Figure 2 of the patent:



Ex. A at Figure 2 (emphasis and description added).

In contrast, the SecurID 800 does not have two separate and distinct structural components that are capable of being fixedly attached as required by the Court's claim construction of "body portion" and "display portion." The SecurID 800 also does not meet the requirement that "the display portion is fixedly attached to the body portion" because, as the Court noted, "two things cannot be fixedly attached unless they start out as separate structures." Docket No. 78 at 7:19-20.

Under the Court's claim construction rulings, no reasonable juror could find literal infringement. Nor can Authenex rely on the doctrine of equivalents to avoid the Court's claim construction. The claims of the '989 patent were allowed by the PTO only after Authenex added the fixedly attached limitation to avoid the prior art. Docket No. 78 at 2. The structural limitations of separate body and display portions that are fixedly attached thus are central to the patentability of the claims. Authenex is barred from using the doctrine of equivalents to recapture claim scope relinquished during prosecution. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 30-31, 117 S. Ct. 1040, 1049-50, 137 L. Ed. 2d 146 (1997) (prosecution history estoppel is a defense to infringement under the doctrine of equivalents); *Pioneer Magnetics, Inc. v. Micro Linear Corp.*, 330 F.3d 1352, 1357 (Fed. Cir. 2003) (prosecution history estoppel applies where a patentee narrowed the scope of a claim to avoid the prior art);

1  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1369-70
2  (Fed. Cir. 2003) (same).

3  Moreover, a party cannot rely on the doctrine of equivalents to
4  eliminate claim limitations. *See Warner-Jenkinson*, 520 U.S. at 29 (doctrine of
5  equivalents may not be applied in a manner that eliminates a claim element in its
6  entirety). The doctrine of equivalents provides no basis for prolonging this
7  litigation against EMC any longer. *Id.* at 39 n. 8 ("if prosecution history estoppel
8  would apply or if a theory of equivalence would entirely vitiate a particular claim
9  element, partial or complete judgment should be rendered by the court, as there
10 would be no further *material* issue for the jury to resolve") (emphasis in original).

**B. The SecurID 800 Lacks The "Display For Displaying Alphanumeric Characters" Limitation.**

13 The SecurID 800 does not include "a display for displaying
14 alphanumeric characters" as required by all of the asserted claims. The SecurID
15 800 does not display both numbers and letters at the same time and is not designed
16 to do so. The SecurID 800 includes a 6-digit display that is used to display
17 one-time passwords. Those passwords consist of numbers only. The SecurID 800
18 does not display numbers and letters together at any time for any purpose.

19 The display of numeric characters only cannot be captured under the
20 doctrine of equivalents. As expressly stated by the Court, "[t]o the extent the
21 patentee disclosed but did not claim the use of numeric characters, this subject
22 matter is dedicated to the public domain and cannot be recaptured by the plaintiff."
23 Docket No. 78 at 17:21-22 (*citing Johnson & Johnston Assocs., Inc. v. R.E. Serv.
24 Co.*, Inc., 285 F.3d 1046, 1054 (Fed. Cir. 2002) (*en banc*) ("[W]hen a patent drafter
25 discloses but declines to claim subject matter, as in this case, this action dedicates
26 that unclaimed subject matter to the public.")). Because Authenex dedicated the
27 use of numeric characters only to the public, the SecurID 800 cannot be found to
28 infringe the '989 patent under any theory.

## V. CONCLUSION

Under the Court's claim constructions, Authenex cannot prove that the accused EMC device, the SecurID 800, infringes the asserted patents. There are at least three bases for entering judgment in favor of EMC: the absence of a "body portion," the absence of a "display portion," and the absence of a display for displaying "alphanumeric characters." This case can and should be resolved at this stage, saving both the Court and the parties any further unnecessary expenditure of time and money.

Accordingly, EMC respectfully requests that the Court grant summary judgment in EMC's favor on all claims in Authenex's complaint and award costs to EMC as the prevailing party.

Dated: December 6, 2010                ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Chris R. Ottenweller

Attorneys for Defendant
EMC CORPORATION

**Of Counsel:**
Krish Gupta, Esq.
William Clark, Esq.
EMC Corporation
176 South Street
Hopkinton, MA 01748