# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUTHENEX, INC., | ) | Case No. CV 10-01251-MRP (VBKx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | [PROPOSED] |
| v. | ) | PROTECTIVE ORDER PURSUANT |
| | ) | TO THE PARTIES' STIPULATION |
| EMC CORPORATION, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| VASCO DATA SECURITY | ) | |
| INTERNATIONAL, INC., *et al.,* | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTHENEX, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

WHEREAS, certain documents, information (including electronically stored information), tangible objects, and things may be produced in discovery conducted in this proceeding or submitted to this Court by way of pleadings, motions, declarations, or other materials, and may contain trade secrets, confidential research, development, technology, or commercial information, or other proprietary and highly confidential information of:   Plaintiff / Counterclaim Defendant Authenex, Inc. ("Authenex"); and Defendant / Counterclaim Plaintiff EMC Corporation ("EMC");  or third parties.

NOW, THEREFORE, IT IS ORDERED, that this Stipulated Protective Order ("Order") concerning the confidentiality of such documents, information, tangible objects, and things shall govern the use of such discovery materials in this case as follows:

1.    This Order shall govern the use, handling, and disclosure of all documents, information, tangible objects, and things (collectively "Discovery Material"), including, but not limited to, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, responses to subpoenas, and other written, recorded, or graphic information, and all copies, excerpts, abstracts, or summaries thereof produced by any party or non-party in this action (hereinafter "Producing Person").  This Order does not govern the use of Discovery Material at trial; such use shall be governed by a separate protective order or other procedure agreed to by the parties and/or ordered by the Court.

2.    Any Producing Person shall have the right to designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" any Discovery Material that an attorney, on behalf of the Producing Person, believes constitutes, reflects, or discloses that Producing Person's trade secrets, confidential research, development, technology, commercial information, or other proprietary or confidential

1

information.

3.    Use of the "CONFIDENTIAL" designation shall be limited to Discovery Material that the Producing Person believes in good faith must be held confidential to protect its business or commercial interests.    Examples of "CONFIDENTIAL" Discovery Material include information or material that a Producing Person reasonably and in good faith believes contains or discloses information that the Producing Person, in the ordinary course of business, does not or would not publicly disclose, or information that a Producing Person is under a pre-existing obligation with a third party to maintain as confidential.

4.    Use of the "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation shall be limited to Discovery Material that the Producing Person reasonably and in good faith believes is so commercially sensitive or confidential that disclosure to employees of another party or a third party, even under the restricted terms and conditions applicable to Discovery Materials designated as "CONFIDENTIAL," would not adequately protect the interests of the Producing Person.

Examples of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Discovery Material include a Producing Person's trade secrets, confidential or proprietary technology, commercial information, product information, marketing or customer information, or information concerning business strategies that a Producing Person would not, in the ordinary course of business, disclose to third persons, or information and material that a Producing Person is under a pre-existing obligation with a third party to treat as such.

5.    Use of the "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" designation shall be limited to Discovery Material that the Producing Person reasonably and in good faith believes discloses the Producing Person's confidential or proprietary research or development technology regarding products not yet being offered for sale by the

2

Producing Person.

6.     All Discovery Material designated as HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," and all information derived therefrom, is referred to in this Order as "Designated Material" and shall be handled in strict accordance with the terms of this Order. Absent an order of this Court, such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose, except as required by law, and such Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in Paragraphs 8-10 of this Order.

7.     This Order shall not prevent any Producing Person from disclosing its own Designated Material, or information contained therein, or consenting to disclosure by others of a Producing Person's own Designated Material, or information contained therein, as it deems appropriate.  A Producing Person's disclosure to a third party of the Producing Person's own Designated Material, or information contained therein, shall not affect in any way the obligations of persons receiving Designated Material pursuant to this Order, provided that the third parties are required to maintain the confidentiality of the Designated Material, or information contained therein, in a manner consistent with the terms of this Order.

8.     Information or material designated by a Producing Person as "CONFIDENTIAL," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.     each receiving party's respective outside counsel of record in this action and regular and temporary employees of such counsel to whom it is

3

necessary that the Designated Material be shown for the purposes of this litigation;

B.    no more than three (3) officers or employees of the Receiving Party, including, but not limited to, in-house counsel, whose assistance is needed by a party's outside counsel for this litigation, or whose input is required to direct and/or evaluate the litigation;

C.    experts and consultants as defined in Paragraph 11 herein and pursuant to the provisions of Paragraph 12 herein;

D.    the Court, pursuant to Paragraph 21 herein;

E.    certified court reporters or persons operating video equipment at any deposition conducted in connection with this action;

F.    third party contractors, including their employees and agents, involved in one or more aspects of organizing, filing, copying, coding, converting, sorting, translating, or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

G.    graphics or design services retained by counsel for a party to prepare demonstrative or other exhibits for deposition, trial, or other court proceeding in this action;

H.    non-technical jury or trial consulting services retained by counsel for a party; and

I.    any other person, upon order of the Court, after all relevant appeals from such order have been exhausted, or with the explicit written consent of the Producing Person with respect to specifically-identified "CONFIDENTIAL" Designated Material.

9.    Information or material designated by a Producing Person as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made

4

available in whole or in part only to the following persons:

A.     each receiving party's respective outside counsel of record in this action, and regular and temporary employees of such outside counsel to whom it is necessary that the Designated Material be shown for the purpose of this litigation;

B.     experts and consultants as defined in Paragraph 11 herein and pursuant to the provisions of Paragraph 12 herein;

C.     the Court, pursuant to Paragraph 21 herein;

D.     certified court reporters or persons operating video equipment at any deposition conducted in connection with this action;

E.     third party contractors, including their employees and agents, involved in one or more aspects of organizing, filing, copying, coding, converting, sorting, translating, or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

F.     graphics or design services retained by counsel for a party to prepare demonstrative or other exhibits for deposition, trial, or other court proceeding in this action;

G.     non-technical jury or trial consulting services retained by counsel for a party; and

H.     any other person, upon order of the Court, after all appeals from such an order have been exhausted, or with the explicit written consent of the Producing Person with respect to specifically-identified "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Designated Material.

10.     Information or material designated by a Producing Person as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY —NON-PATENT PROSECUTION COUNSEL," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized or

5

otherwise communicated or made available in whole or in part only to the persons or entities set forth in Paragraph 9, except for and excluding: attorneys, patent agents, experts and/or consultants who are presently as of the date of this Order, or will be (for a period not to exceed two years from the conclusion of this litigation) engaging in competitive business decisions involving the preparation or prosecution (for any person or entity) of patent applications relating to password-based authentication systems or devices used to generate and/or display passwords. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case with his/her client.

11.    For purposes of this Order, an expert or consultant shall be defined as a person:  (i) who is neither an employee, director, officer, consultant, partner, or business associate of a party, nor anticipated to become an employee, director, officer, consultant, partner, or business associate of a party in the near future; (ii) who is not regularly employed or retained by a competitor of a party; (iii) who does not currently have any consulting arrangement with a competitor of a party; (iv) who does not have any direct economic relationship with a party, except as set forth in subpart (v) of this paragraph; and (v) who is retained or employed as a bona fide consultant or expert for purposes of providing advice or testimony in connection with this litigation, whether full- or part-time, by or at the direction of counsel of record for a party. Nothing in this provision shall preclude the defendants from using a common expert and such use shall not, by itself, trigger the definitions in (i) to (iv) of this provision.

12.    The procedure for an expert or consultant to be approved for access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" Designated Material shall be as follows:

6

A.     The party seeking to have a consultant or expert (as defined in Paragraph 11) approved shall provide the other party with the consultant's or expert's current resume or curriculum vitae, which shall include a list of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationship in the last five (5) years, and a copy of a completed, signed Undertaking in the form attached hereto as Exhibit A, as well as a description of any competitive decision making or patent prosecution activities the consultatnt or expert has been involved in for the last (5) five years related to the action.

B.     Within five (5) business days after a party seeking approval of an expert or a consultant serves on the other party, by facsimile, the information described in Paragraph 12.A., including a copy of a signed Undertaking, the other party may object to approval of the proposed expert or consultant, if facts available to that party give it reason to believe that there is a reasonable likelihood that the proposed expert or consultant does not meet the criteria of Paragraph 11 above, or the proposed expert or consultant may use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" Designated Material for purposes other than the preparation for trial or other litigation of this case.  In such circumstances, the burden of proof shall be on the party objecting to the proposed expert or consultant. Failure to object within the five (5) business days of receiving the information set forth in Paragraph 12.A. above shall be deemed an approval of that person, but shall not preclude a party from objecting to such person's continued access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" Designated Material where facts suggesting a basis for objection are subsequently learned by the party or its

7

1   counsel.

2         C.    If an objection is made pursuant to Paragraph 12.B., the parties

3   shall, within fifteen (15) calendar days from the date of service by facsimile or e-

4   mail of notice of objection, confer and attempt to resolve the dispute.  At that con-

5   ference, the objecting party shall inform the party requesting approval of its rea-

6   sons for objecting to the proposed expert or consultant.  If the parties cannot re-

7   solve the dispute, any motion by the objecting party for an order denying access to

8   Designated Material shall be filed no later than fifteen (15) calendar days after the

9   date of the conference, or, if a conference does not take place as provided herein,

10  no later than thirty (30) calendar days after the date of service by facsimile or e-

11  mail of the notice of objection.  A party may seek a court order prior to these dead-

12  lines if the circumstances require.  Failure to file a motion within the time periods

13  provided herein shall waive the specific objection, but shall not preclude a party

14  from objecting to a proposed expert's or consultant's continued access to "CONFI-

15  DENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or

16  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT

17  PROSECUTION COUNSEL" Designated Material where facts suggesting a basis

18  for objection are subsequently learned by the party or its counsel.

19        D.    No expert or consultant to which objection is made pursuant to

20  Paragraph 12.B shall be given access to "CONFIDENTIAL," "HIGHLY

21  CONFIDENTIAL   —   ATTORNEYS'   EYES   ONLY,"   or   "HIGHLY

22  CONFIDENTIAL   —   ATTORNEYS'   EYES   ONLY   —   NON-PATENT

23  PROSECUTION COUNSEL" Designated Material until the parties or the Court

24  have resolved the dispute and approved such access, or the objecting party waives

25  its objection by failing to file a motion for an order denying access within the time

26  stated in Paragraph 12.C.

27        13.    Designated Material shall be marked or stamped "CONFIDENTIAL,"

28  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" at the following times:

A.      for documents and things subject to production for inspection, at the time that such materials, or copies thereof, are delivered to the receiving party;

B.      for written responses to interrogatories or requests for admissions, at the time of service of such written responses;

C.      for written affidavits, declarations, briefs, memoranda, pleadings, and other papers filed with the Court, at the time such documents are filed;

D.      for deposition testimony, as provided in Paragraph 14 below; and

E.      for oral disclosures other than testimony, through confirmation in writing within twenty (20) days of the first disclosure thereof.

14.    All or some of the testimony at any deposition may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" at the beginning of, or during the deposition, and for thirty (30) calendar days after the final transcript has been sent by the court reporter to the counsel for the Producing Person whose information has been disclosed (or until such other date as may be agreed upon by the parties). Receipt of rough transcripts shall not trigger this 30-day period.  Deposition testimony may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" at the deposition by identifying the type of designation on the record, or before expiration of the 30-day (or other agreed) period by written notice to all counsel indicating the specific testimony to be designated (by page and line or other specific reference) and the type of

9

designation.   All copies of a transcript containing deposition testimony so designated shall be marked accordingly.  Unless so designated, any confidentiality is waived after the expiration of the 30-day (or other agreed) period, unless otherwise stipulated or ordered.  Unless otherwise designated at the deposition, all testimony at the deposition shall be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY  — NON-PATENT PROSECUTION COUNSEL" until 30 days after the final transcript has been sent by the court reporter to the counsel for the Producing Person whose information has been disclosed (or until such other date as may be agreed upon by the parties) so as to enable the Producing Person to designate testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" prior to use or public dissemination of the deposition.

15.   With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for, or results in, disclosure of information or material that should be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" and any representative of a party (or any other person) is in attendance at the deposition who is not a person to whom disclosure of such information is permitted pursuant to this Order, and such representative is not the witness being examined, such representative shall be excluded from those portions of the proceeding during which disclosure of such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" information or material occurs.

16.   Information, documents, and things produced for inspection shall be

10

inspected only by persons entitled to receive "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" Designated Material pursuant to Paragraph 10.  Between the time of inspection and the time of delivery to the receiving party, all such information, documents, and things shall be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" and shall not be disclosed or used except in accordance with the provisions of this Order.

17.    All persons, except for those listed in paragraph 8.A., D., E., and F. above, who, under this Order, may be given access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" Designated Material must first confirm their understanding and agreement to abide by the terms of this Order by completing and signing a copy of an Undertaking in the form attached hereto as Exhibit A. Persons listed in Paragraphs 8.A., D., E., and F. shall be subject to the terms of this Order, but need not sign Exhibit A hereto.  Copies of the signed Exhibit A will be sent to the disclosing party before such person is given access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" Designated Material.

18.    During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Order, a fact deponent/witness may be shown Designated Material from another party's documents strictly limited to those documents which on their face or through appended documents or cover reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation.  This shall not preclude a Producing Party from showing to its own witnesses and deponents documents that it has produced, regardless of whether the Producing Party has designated the

document(s) it produced, and regardless of whether such person was the author or a recipient of the document.

19.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" only if the document was authored by or received by that third party or former employee, or provided that the Producing Party consents to such disclosure. Nothing in this paragraph shall keep an attorney from laying a foundation that the witness has seen a document previously.

20.     All "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" Designated Material shall be maintained in segregated facilities, marked as protected by Protective Order, and accessed only by those persons authorized access to such Designated Material pursuant to the terms of this Order.  Moreover, any person in possession of Designated Material shall exercise reasonably appropriate care with regard to the storage, custody or use of such Designated Material in order to ensure that its confidential nature is maintained.

21.     This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in this action shall comply with the provisions of L.R. 79-5.1 and obtain prior approval by the Court.

22.     A Producing Person who inadvertently fails to mark Designated Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" at the applicable times set forth

12

in this Order shall have twenty (20) calendar days from the discovery of such oversight to correct the omission.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Designated Material appropriately marked as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL." Within five (5) business days of receipt of the substitute copies, the Receiving Party shall return or destroy the previously unmarked materials and all copies thereof, and, if choosing destruction, shall certify such destruction to the Producing Person in writing.  The Receiving Party shall treat such Designated Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" from the time that such notice is received.  Disclosure by the receiving party of such Designated Material to persons not authorized to receive it prior to receipt of such notice shall not be deemed a violation of this Order, and the Receiving Party and the other persons who receive such Designated Material pursuant to the provisions of this Order shall incur no liability for uses and disclosures made prior to receipt of such notice.  However, those persons to whom inadvertent disclosure was made shall be advised promptly, in writing, that the disclosed material is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" and must be treated as such in accordance with this Order.

23.   If a Producing Person inadvertently produces or provides any information (including electronically stored information), document, testimony, or thing which it believes is subject to a claim of attorney-client privilege or attorney work product immunity, the Producing Person may give written notice to the

13

Receiving Party that such information, document, testimony, or thing is subject to a claim of attorney-client privilege or attorney work product immunity and request that the information, document, testimony, or thing, and all copies thereof, be returned to the Producing Person.  Such notice shall be served upon the Receiving Party within five (5) business days of the Producing Person discovering the inadvertent production.  The Receiving Party shall then promptly return to the Producing Person all such information, documents, testimony, and things, and all copies thereof.  If the Producing Person has provided notice of inadvertent production as required herein, the parties hereby disclaim and waive inadvertent production or disclosure of any information, document, testimony, or thing as grounds for argument or assertion that such inadvertent production or provision comprises or gives rise to a waiver of an otherwise proper assertion of attorney-client privilege and/or attorney work product immunity.  However, neither the return of the inadvertently produced information, document, testimony, or thing by the Receiving Party, nor anything in this Order, shall constitute an admission or concession, or permit any inference, that the returned information, document, testimony, or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product immunity, nor shall it foreclose any party from moving the Court for an order that such information, document, testimony, or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production or provision.

24.   If Designated Material is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Person, without prejudice to other rights and remedies of the Producing Person, and shall make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such Designated Material.

25.     If at any time during the pendency of this action, counsel for any party asserts that Designated Material is not appropriately designated, objecting counsel may serve a notice of objection on all parties and affected entities, identifying with particularity the Designated Material for which the designation is challenged, stating the basis for each challenge, and proposing a new designation for such materials.   Within five (5) business days after service of a notice challenging a designation, the Producing Person shall either re-designate the materials as proposed in the notice, or shall file and serve a motion seeking a protective order that the original designation was appropriate, in which case the Producing Person shall have the burden of proving that the original designation was appropriate.   In the event that such a motion is filed, the Designated Materials which are the subject of the notice and motion for a protective order shall be treated in accordance with their original designation pending a ruling by the Court on the Producing Person's motion for entry of a protective order.   Failure by a Producing Person to respond with five (5) business days after service of a notice challenging a designation shall constitute an admission by the Producing Person that the challenged material should not be treated as Designated Material under the terms of this Protective Order.   A party's failure to challenge a Producing Person's designation shall not waive that party's right to challenge the designation at a later time and shall not constitute an admission of its correctness.

26.     Entering into or agreeing to this Order, and/or producing or receiving information or material designated as "CONFIDENTIAL," "HIGHLY CONFI-DENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL," or otherwise complying with the terms of this Order, shall not:

A.     prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

B.     operate as an admission by any party that the restrictions and

15

procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL;"

C.    operate as an admission by any party that any designation of information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" by a Producing Person is appropriate under the terms of this Order;

D.    operate as an admission by any party that any particular information or material so designated contains or reflects trade secrets, confidential research, development, technology, or commercial information, or other proprietary or confidential information;

E.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

F.    prejudice in any way the rights of a party to make a showing that information or material of proprietary or competitive value that is not specifically included in the examples of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" information or material in Paragraphs 3-5 above, may be properly designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTOR-NEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL;" or

G.    prevent parties to this Order from agreeing in writing, or on the record during a deposition or hearing in this action, to alter or waive the provisions

16

or protections provided herein with respect to any particular information or material.

27.   If any person receives a subpoena or other lawful process (referred to in this paragraph as a subpoena) requesting or directing that person to produce to a third-party (including, without limitation, a governmental agency) any Designated Material, the person receiving the subpoena shall immediately notify the Producing Person of the subpoena and provide a copy of the subpoena to enable the Producing Person to attempt to intervene or otherwise object to production of the Designated Material.

28.   Notwithstanding any other provision of this Order, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

A.   at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

B.   since the time of disclosure hereunder, has become, through no act or failure to act by the Receiving Party, part of the public domain by publication or otherwise;

C.   at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert or consultant retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or

D.   after disclosure hereunder, was acquired by the Receiving Party from a third party lawfully possessing the same and having no obligation hereunder to the Producing Person.

29.   Upon termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Material has been disclosed or communicated.

30.   Sixty (60) calendar days after entry of any final and unappealable

17

judgment terminating this litigation, any and all Designated Materials that have been submitted under seal to this Court pursuant to this Protective Order will be unsealed and placed in the public case file, unless counsel present a proposed order directing the Clerk's Office to return them to the party responsible for their submission.   An order for the return of Designated Material to the parties or attorneys who submitted them to the Court shall require counsel to maintain one archival copy of deposition exhibits or transcripts, Court exhibits or transcripts, and documents and information included in submissions to the Court.   In addition, sixty (60) calendar days after entry of any final and unappealable judgment terminating this litigation, any and all material designated under this Order by any party or by any third party, and all copies thereof, shall be returned by the Receiving Party or Parties to the Producing Person or, at the option of the Receiving Party or Parties, destroyed; provided, however, that one designated outside counsel for each party shall be permitted to retain and archive one copy of Designated Material that is contained or referenced in deposition exhibits or transcripts, Court exhibits or transcripts, and documents and information included in submissions to the Court.   If Designated Material is destroyed by the Receiving Party or Parties pursuant to this paragraph, the person destroying such Designated Material shall certify in writing to the Producing Person that such destruction has taken place.

31.   This order is being entered without prejudice to the right of any party to move the Court for modification of, or relief from, any of its terms.

32.   A third party who produces any document, testimony, or thing pursuant to a request from a party in this matter may designate such matters as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — NON-PATENT PROSECUTION COUNSEL" pursuant to this Order.

33.   Until such time as this Order has been entered by the Court, the

18

parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

34.     At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

IT IS SO ORDERED.

Dated:  January 19, 2011

_____
Hon. Mariana R. Pfaelzer
United States District Court Judge

19

**Exhibit A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUTHENEX, INC.,                                    ) | Case No. CV 10-01251-MRP (VBKx) |
|                    Plaintiff,          ) | |
|            v.                            ) | SIGNED UNDERTAKING PURSUANT TO PROTECTIVE ORDER |
| EMC CORPORATION, *et al.,*             ) | |
|               Defendants.         ) | |
| VASCO DATA SECURITY INTERNATIONAL, INC., *et al.,*   ) | |
|     Counterclaim Plaintiffs,      ) | |
|            v.                            ) | |
| AUTHENEX, INC.,                                    ) | |
|     Counterclaim Defendant.    ) | |

I, _____, hereby declare that:

1.      I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Central District of California, in the above-captioned matter.

2.      I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of any information or things designated as "Confidential Information," "Highly Confidential Information

— Attorneys' Eyes Only," or "Highly Confidential Information — Attorneys' Eyes Only — Non-Patent Prosecution Counsel" to any person who is not permitted to have access to such information by this Order, as applicable.

3.    Upon final determination of this action, I will destroy all information or things designated as "Confidential Information," "Highly Confidential Information — Attorneys' Eyes Only," or "Highly Confidential Information — Attorneys' Eyes Only — Non-Patent Prosecution Counsel" received by me within sixty (60) days after filing of the final order, or I will return such information or things within sixty (60) days to the Producing Party.  If I destroy such information or things designated "Confidential Information," "Highly Confidential Information — Attorneys' Eyes Only," or "Highly Confidential Information — Attorneys' Eyes Only — Non-Patent Prosecution Counsel," I agree to send a letter to the Producing Party confirming the same.

4.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on:                        _____
_____                    [Signature]


                                    _____
                                            [Print Name]
                                    Title:
                                    Business Affiliation:
                                    Address:
                                    Telephone:

[PROPOSED] PROTECTIVE ORDER
Case No. CV 10-01251-MRP (VBKx)